UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAX INCREMENT FINANCE AUTHORITY,
and CITY OF DEARBORN HEIGHTS,

                          Plaintiffs,                      Case Number 10-14078
                                                                  Honorable David M. Lawson

v.

LIBERTY MUTUAL INSURANCE COMPANY
and PROJECT CONTROL SYSTEMS, INC.,

                          Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

The plaintiffs filed suit against Project Control Systems and Liberty Mutual Insurance Company in Wayne County Circuit Court alleging several state law causes of action that arose from the construction of the City of Dearborn Heights's new Justice Center. Liberty Mutual removed the case to federal court on the basis of diversity jurisdiction, arguing that the fraudulent joinder of Project Control Systems, a dissolved Michigan corporation, did not defeat complete diversity. The plaintiffs argue that the Court cannot rely on Liberty Mutual's speculation about the status of Project Control Systems's corporate wind-up, and Michigan law allows suits to be maintained against dissolved corporations. The Court heard oral argument on March 17, 2011. After due consideration, the Court finds that as the removing party, Liberty Mutual has the burden of establishing subject matter jurisdiction, which it has not sustained. Therefore, the Court will grant the plaintiffs' motion to remand and remand the case to the Wayne County Circuit Court.

I.

According to the complaint and the motion papers, in July 2001, Tax Increment Finance Authority of the City of Dearborn Heights (TIFA) and Project Control Systems, Inc. (PCSI) entered into a contract in which PCSI was to construct a new police and court facility, now known as the Dearborn Heights Justice Centner, in Dearborn Heights, Michigan.  Liberty Mutual Insurance Co. issued a payment bond and a performance bond, each in the amount of $14,950,000, on behalf of PCSI for the benefit of the City of Dearborn Heights.  In October 2003, the City's police department, the Twentieth District Court, and TIFA moved into the Justice Center.  PCSI was  automatically dissolved on July 15, 2009 for failure to file its annual report and pay the annual fee pursuant to Michigan Compiled Laws § 450.1922.

The plaintiffs filed suit against PCSI and Liberty Mutual on September 7, 2010 in the Wayne County, Michigan circuit court alleging that PCSI did not build the following portions of the Justice Center in accordance with the agreed upon specifications and design: the standing seam metal roof and roof membrane; the skylight system; the heating, ventilation, and cooling system; the exterior lighting for the building; and the parking lot.  The complaint also alleges that the plaintiffs, after seeing the results of a forensic investigation of the building, concluded that PCSI failed to fulfill all undertakings, covenants, terms, conditions, and agreements under the contract.  On April 27, 2010, the City of Dearborn Heights adopted a resolution declaring PCSI in default and requiring Liberty Mutual to meet its obligations as surety for the project.  TIFA adopted a similar resolution on May 19, 2010.  The plaintiffs' four-count complaint alleges breach of contract against PCSI (Count 1); negligence against PCSI (Count 2); breach of warranty against PCSI (Count 3); and a surety claim under the performance bond against Liberty Mutual (Count 4).

Liberty Mutual was served with the plaintiffs' complaint on September 14, 2010. PCSI was served on September 22, 2010 by service upon a corporate officer, its vice-president, Michael Cowley, in accordance with Michigan Court Rule 2.105(D)(1). Proof of service of the summons and complaint upon PCSI was filed in Wayne County on October 8, 2010. Liberty Mutual filed a notice of removal on October 12, 2010 asserting jurisdiction based diversity of citizenship. The Court ordered Liberty Mutual to show cause why the case should not be remanded for want of jurisdiction on November 3, 2010. On November 5, 2010, the plaintiffs filed the motion to remand that is currently before the Court.

In a related case, *Liberty Mutual v. PCSI*, No. 10-10102, Liberty Mutual brought suit against PCSI, Assem Sheikh, and Nada Sheikh. In its complaint, Liberty Mutual alleges that PCSI is a former Michigan corporation.

## II.

The federal district courts are courts of limited jurisdiction, and the burden of establishing jurisdiction rests with the defendant, as the party removing the case and asserting federal jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "'[A]ll doubts as to the propriety of removal are resolved in favor of remand.'" *Jacada (Europe), Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir. 2005) (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

Title 28, section 1441(a) of the United States Code permits defendants in civil actions to remove cases originally filed in state courts to federal district courts where the district court would have had original jurisdiction. Cases may be removed under federal question jurisdiction or on the

basis of diversity of citizenship.  28 U.S.C. § 1441(a).  The plaintiffs have not alleged a federal cause of action in their complaint; therefore, removal is proper only if this Court would have had original jurisdiction based on diversity of citizenship.

It is axiomatic that federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (citing *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992)).  Therefore, complete diversity of citizenship must exist "both at the time that the case is commenced and at the time that the notice of removal is filed."  *Ibid.* (citing *Easley v. Pettibone*, 990 F.2d 905, 908 (6th Cir. 1993)).

In this case, the plaintiffs, both are public bodies located in Wayne County, Michigan.  One argument they make in support of the motion to remand is that Liberty Mutual's notice of removal fails to recite facts sufficient to establish the location of its "nerve center," so the Court cannot decide whether the parties have complete diversity.  *See Hertz Corp. v. Friend*, --- U.S. ---, ---, 130 S. Ct. 1181, 1186 (2010) ("[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. . . . We believe that the 'nerve center' will typically be found at a corporation's headquarters.").  However, Liberty Mutual has disarmed that argument by showing that its principal place of business is in Massachusetts.  If Liberty Mutual were the only defendant, complete diversity would exist.

PCSI, however, is a Michigan corporation, albeit a dissolved one.  Its presence in the case destroys complete diversity.  Liberty Mutual responds that because PCSI is defunct, it is not a party against which a suit can be maintained, and including that entity in the case amounts to fraudulent joinder.

-4-

The doctrine of fraudulent joinder indeed does constitute an exception to the complete diversity rule.  "When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."  *Jerome-Duncan*, 176 F.3d at 907 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).  Establishing that joinder of a party is "fraudulent" requires no proof of the plaintiff's actual motive.  *Ibid.*; *see also* 16 Moore's Fed. Prac. § 107.14[2][c] (noting that "[t]he term 'fraudulent joinder' is a bit misleading because it requires neither a showing of fraud nor joinder in one sense").  Rather, the thrust of the inquiry is "whether [the plaintiff] had at least a colorable cause of action against [the non-diverse defendant] in the Michigan state courts."  *Jerome-Duncan*, 176 F.3d at 907 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).  Federal courts look to state law to determine whether a plaintiff states "a colorable cause of action" against the non-diverse defendant.  *Ibid.*

Liberty Mutual does not contend that the plaintiffs have not brought valid claims under Michigan law or that the facts alleged constitute colorable claims; rather, Liberty Mutual asserts that the plaintiffs cannot sue PCSI because it is a "dead" corporation — it has been dissolved and finished winding up its affairs.  Under Michigan law, a dissolved corporation continues to function as if it still existed, retaining the ability to "sue and be sued in its corporate name . . . as if dissolution had not occurred."  Mich. Comp. Laws § 450.1834.  But once a corporation finishes winding up its affairs,  the corporation "loses the powers enumerated in [Mich. Comp. Laws §] 450.1833 and 450.1834, including the power to sue and be sued."  *Flint Cold Storage v. Dep't of Treasury*, 285 Mich. App. 483, 498, 776 N.W.2d 387, 396 (2009); *see also BASF Corp. v. Central Transp., Inc.*, 830 F. Supp. 1011, 1012-13 (E.D. Mich. 1993).

-5-

Corporations are allowed a reasonable time to wind up their affairs.  *Flint*, 285 Mich. App. at 497, 776 N.W.2d at 395.  Liberty Mutual argues that  the "reasonable time" has expired.  It contends that PCSI has no assets to distribute, based on an affidavit of Michael Bramhall, Liberty Mutual's surety counsel, who averred on information and belief that Federal Insurance Company, another surety company, obtained a default judgment against PCSI on May 22, 2006, in the amount of $2,750,000, and has yet to collect because Project Control Systems has no assets.  He also averred that although Liberty Mutual named PCSI as a defendant in the indemnity lawsuit arising from PCSI's failures, Liberty Mutual has not served PCSI, choosing instead to pursue the individual indemnitors, Assem Sheikh and Nada Sheikh, in Qatar.  Liberty Mutual also offered the affidavit of Michael Cowley, PCSI's vice president, who averred that PCSI had no choice but to wind up its affairs once Federal Insurance Company obtained a $2,750,000 judgment against Project Control Systems; Project Control Systems is completely out of business; and all of its assets have been distributed.

There is little in the way of Michigan case law that provides guidance in deciding what constitutes a reasonable time for a corporation to wind up its affairs.  In *Flint Cold Storage*, the Michigan Court of Appeals held that a 32-year winding up period was not reasonable.  A now-repealed section of Michigan's General Corporation Act established a bright line of three years.  *See* Mich. Comp. Laws § 450.75 (1931); *see also Flint Cold Storage*, 285 Mich. App. at 496, 776 N.W.2d at 394-95 ("Under Michigan's former General Corporation Act (GCA), a dissolved corporation had only three years after its date of dissolution for the winding up of corporate affairs.") PCSI was dissolved on July 15, 2009, and Liberty Mutual filed a notice of removal on October 12, 2010.  At the time of removal, Project Control Systems had been dissolved for approximately one

-6-

year and three months — no where near the three decades deemed unreasonable by the *Flint* Court. Based on the passage of time alone, the Court cannot find that a "reasonable time" for PCSI to wind up its affairs has elapsed.

Under Michigan Compiled Laws § 450.1833, a dissolved corporation has a reasonable time to "(a) collect its assets; (b) sell or otherwise transfer, with or without security, assets which are not to be distributed in kind to its shareholders; (c) pay its debts and other liabilities; and (d) do all other acts incident to liquidation of its business and affairs." If a corporation still has assets within a reasonable time after dissolution, it has not finished its winding up process, and, therefore, may be sued. The affidavits furnished by Liberty Mutual suggest the possibility that PCSI has completed that process. On closer examination, however, Mr. Bramhall's knowledge of PCSI's assets is speculative and does little to resolve any doubt about the Court's jurisdiction. It may be true that Federal Insurance Company has an unsatisfied judgment against PCSI, but that does not necessarily mean that PCSI has no assets secreted, particularly when its principals have fled the country to the Middle East.

Mr. Cowley's affidavit states that PCSI has disposed of all its assets, including bank accounts, personal property, and real property. But there is authority in this district that suggests imprudence at relying on a corporate officer's assertions to establish that all of a corporation's assets have been distributed. *See BASF Corp.*, 830 F. Supp. at 1013. Liberty Mutual has not submitted any records indicating the closure of PCSI's bank accounts, distributions made to shareholders, or correspondence between the corporation and its shareholders. Liberty Mutual asks the Court to make the determination that the often long and complex process of winding up a corporation's affairs is complete based solely on Mr. Cowley's affidavit.

-7-

In addition, Mr. Cowley's execution of two tolling agreements on behalf of PCSI in November 2008 and March 2010 raises additional questions. There is authority that suggests that a corporation that recognizes a potential outstanding claim has not finished winding up its affairs. *United States v. Adams Building Co.*, 531 F.2d 342 (6th Cir. 1976).

For these reasons, the Court finds that doubts remain as to whether PCSI is a defunct corporation that is "dead and buried." *See BASF Corp.*, 830 F. Supp. at 1013 n.1. "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). The Court so concludes.

III.

Defendant Liberty Mutual Insurance Company has the burden of establishing the grounds for federal jurisdiction because it removed the case from state court. On the face of the complaint, complete diversity does not exist because Michigan citizens are among the plaintiffs and the defendants, and the plaintiffs have stated a claim against the Michigan defendant that is cognizable under state law. Liberty Mutual has not established to the Court's satisfaction that the Michigan defendant, although a dissolved corporation, has wound up its affairs; and a reasonable time for it to do so has not elapsed. Therefore, the fraudulent joinder doctrine will not excuse a violation of the complete diversity rule.

Accordingly, it is **ORDERED** that the plaintiffs' motion to remand [dkt #9] is **GRANTED**.

It is further **ORDERED** that the case is **REMANDED** to the Wayne County, Michigan circuit court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  March 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 18, 2011.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI